## Barnes v. Barnes

*Maurice W. Sloan, Jr.*, for libellant.
*Scott, Connor & Scott*, for respondent.

FLOOD, J., July 9, 1943.—This case was heard before Flood, J., on Tuesday, June 8, 1943. The husband charged desertion and indignities to the person.

The charge of indignities to the person has not been proved. The husband testified to 16 years of happy married life, after which his wife began to nag him with regard to money matters, and caused him serious humiliation by reason of her involved financial affairs, as a result of which he was continuously annoyed by her creditors. She had a hairdressing business of her own with which he was in no way connected, although it does not appear whether these bills did or did not arise from the business. He also testified that on two or three occasions she accused him of infidelity. The wife denied the nagging, although she admitted arguments over money. She denied the accusations of infidelity, although she did accuse him of being too friendly with one particular woman. He testified also that he lost weight during his married life, due to his wife's conduct. He also testified that his wife engaged in certain other unusual conduct. Most of this, too, the wife denied.

The facts testified to by the husband are not sufficient to make out a case of indignities to the person. We are inclined to believe the wife with regard to the accusations of infidelity, and with those eliminated, the remainder of the testimony would certainly not warrant a decree on the ground of indignities.

The second charge in the libel is desertion. On this the husband testified that his wife wished to move to a home in Fox Chase and that he refused to agree because it was too inconvenient to his work in the center of the city. She nevertheless produced a lease for the property which he refused to sign. Thereafter, on December 6, 1938, while he was at work she had the entire contents of the house where the parties were living moved to the Fox Chase house. This moving included not only all of the furniture but all of libel-

lant's clothes. He refused to follow her there and went to his sister's home. He wrote her a letter telling her so and asking her to come back to live with him, but she refused to do so, asking him in turn to come home to his family as he should do.

Her testimony differed very little from his on this episode except that she said that he was still in the house when the moving van arrived on December 6, 1938, and when he was leaving for work said "Good luck" to her.

It appears to us that the charge of desertion has been made out by libellant upon the facts testified to by him and admitted by his wife. It was his prerogative, and not hers, to choose the common domicile. He refused to go to Fox Chase to live and she had no right under the law to go there against his wishes. Her doing so constitutes desertion.

It seems probable that the wife had been the dominant member of the family, and when the husband asserted himself after five or six years of disagreement over money she paid no attention to him, but went ahead and moved to Fox Chase. She expected him to follow her and when he refused to do so told him to "act his age". Unfortunately for her, while she may have been, in fact, up to that day, the head of the family, she was not so in law and when the husband chose to assert himself it was her duty to abide by his wishes.

She defends herself upon the ground that when he asked her to return to him he had no home to which she could go. This defense, however, is not available to her when his inability to provide a home is due entirely to her taking all of the common furniture out of the home which the parties had, in view of his none too comfortable financial condition at the time.

Libellant is entitled to a divorce on the ground of desertion and a preliminary decree upon that ground will be entered.